Dear Chief Berthelot:
Your opinion request directed to our office has been referred to me for answer. As the elected police chief of the Town of Brusly, a "Lawrason Act" municipality, you ask the following questions:
 1. If an employee of the police department runs for the office of Chief, does the employee have to take a leave of absence while running for the office?
 2. If you are re-elected, do you have to reappoint this officer at the beginning of the next term?
 3. Can the Board of Alderman freeze your salary for the next term of office of the police chief? This would be a reduction from your present salary.
Your questions will be answered in the same order.
 1. A non-civil service employee of the police department may run for chief of police without taking a leave of absence from his job or resigning as long as he fulfills his job duties and does not use official time for election activities. He must campaign on off-duty hours. See prior opinions of this office No. 83-559 and 86-405.
 2. This question asks, if you are re-elected do you have to re-appoint your opponent?
Under the "Lawrason Act", the Board of Alderman has the authority to hire and fire police officers, See LSA R.S.33:362A(3) which states as follows:
 (3) Subject to law, including R.S. 33:423.2 and 423.3 and applicable civil service rules and regulations, the Board of Alderman shall, by ordinance, provide policies and procedures regulating the employment of municipal employees including the hiring and firing of such employees.
In accord with the above, the Chief of Police does not have the authority to discharge the officer. See Opinion Number 90-237.
 3. You next ask if the Board of Alderman may place the Chief's salary at the Board's level for the next term? This would amount to a reduction in your salary. La. Const. Art. X Sec. 23 states:
 The compensation of an elected public official shall not be reduced during the term for which he is elected.
There are no restrictions on reducing the compensation for the position for the upcoming term. Therefore it is the opinion of this office that the Board of Alderman may reduce the salary for the position of Chief of Police for a term subsequent to the present one. This does not reduce the salary of an elected public official during his term of office.
Trusting the above answers your questions, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
RPI/JMR:vrr